**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-02111-MSK-MJW

JERALD A. BOVINO,

      Plaintiff,

v.

 AMAZON.COM, INC.,

      Defendant.

_____

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS
FIRST AMENDED COMPLAINT**
_____

Plaintiff Jerald A. Bovino (hereinafter "Plaintiff Bovino"), by and through counsel, the Fischer Law Firm, P.C., hereby submits his Reply in Support of his Motion for Leave to File His First Amended Complaint.

## I.  INTRODUCTION

Plaintiff Bovino filed his motion for leave to file his first amended complaint in the above referenced action ("Motion to Amend")(ECF No. 33).   This action asserts that Defendant Amazon.com, Inc. (hereinafter "Defendant Amazon") infringes upon United States Patent No. 6,977,809 (hereinafter '809 Patent) owned by Plaintiff Bovino by its use, sale, offering for sale, and/or manufacturing of Portable Computer Cases.   Subsequent to the filing of the Complaint, Plaintiff Bovino discovered that there were additional accused products being sold by Defendant Amazon that infringe the '809 Patent.   Plaintiff Bovino timely moved for leave to file his First Amended Complaint to include those additional accused products.

1

Defendant Amazon contends in its Response (ECF No. 35) that Plaintiff Bovino's Motion to Amend should be denied because the size and complexity of the litigation would be unmanageable and litigating in a single action would undermine the purpose of the Leahy-Smith America Invents Act.

Motions for leave to amend are freely granted, with generally only a few specified reasons for refusing to grant these motions. Defendant Amazon does not identify reasons justifying the denial of Plaintiff Bovino's Motion to Amend.

## II. ARGUMENT

Federal Rule of Civil Procedure 15 governs amendments to pleadings. 'A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See, Fed. R. Civ. P. 15(a)(2).*

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) *writ of cert den'd*, *Bylin v. Billings*, 559 U.S. 936 (2010). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)(internal citations and quotations omitted).

It has been held that courts should be particularly lenient in allowing amendment of the pleading to raise issues of patent, albeit in the context of misuse. *See, Key Pharm., Inc. v. Lowey*, 373 F. Supp. 1190, 1193 (S.D.N.Y. 1974). The Court in *Key Pharm. Inc., supra*, citing the Supreme Court found this leniency was important because "the possession and assertion of

2

patent rights are 'issues of great moment to the public.'" *See, Key Pharm. Inc.,* 373 F. Supp. at 1193 (citing *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.* 324 U.S. 806, 815 (1945)).

### A. Plaintiff Bovino's Motion to Amend Should Be Granted Because It Greatly Reduces the Complexity of Defendant Amazon's Infringement

Defendant Amazon's argument in response to Plaintiff's Motion to Amend reduces to the argument that the resulting litigation would add to the complexity of the overall case.   The amendment that Plaintiff Bovino seeks would not add to the complexity of the case, but rather would simplify the issues.

Defendant Amazon has chosen to sell over 100 similar covers for computer tablets.   One Markman Hearing would resolve the major questions and issues related to all of the accused infringing products covered in Plaintiff Bovino's Amended Complaint.   It would reduce complexity (in comparison to bringing an additional 99 separate actions and 99 separate Markman Hearings), and greatly simplify matters before the Court.   Axiomatically, holding one Markman Hearing is simpler than having to hold separate Markman Hearings in 99 actions for almost identical products.   Further, despite Defendant Amazon's assertion that there are 99 products and 63 manufacturers with which to contend (*Response*, at 2), many of the products are made in the same factory in China, with just different trademarks on the products.   The differences between the products are not as great or varied as claimed by Defendant Amazon.

Regardless of the number of underlying products, the one claim asserted against Defendant Amazon is the same.   The claim against Defendant Amazon is essentially that it has infringed and is continuing to directly infringe, contribute to infringement of, and/or induce the infringement of, at least one claim of the '809 Patent without Plaintiff Bovino's consent or

authorization.

The alternative to having the additional 99 products within this one action, as requested in Plaintiff Bovino's Motion to Amend, would be for Plaintiff Bovino to file numerous actions to bring all of those accused infringing products before the Court.   The result would be having the same two parties involved in this action (Plaintiff Bovino and Defendant Amazon), also involved in two or more related actions with the same exact claim asserted by Plaintiff Bovino against Defendant Amazon with just different accused infringing products underlying the claim.  The numerous litigations would then have to be consolidated for the Markman Hearing.

Numerous litigations would place a substantial burden on Plaintiff Bovino, an individual inventor, (and Defendant Amazon and Court) in terms of costs and time.  The approach would necessitate Plaintiff Bovino filing up to 99 additional lawsuits, bearing the costs of filing fees, service fees, and attorneys' fees for same, only to subsequently move to consolidate them for a single Markman Hearing.  The burden of filing numerous claims against the same Defendant should not fall to Plaintiff when it was the decision of a single megastore, Defendant Amazon, to carry numerous suppliers of very similar accused infringing products.

Plaintiff Bovino brought a claim against Defendant Amazon for contributory and willful infringement based upon *inter alia* the products that it offers for sale that infringe the '809 Patent.  The number of accused products sold by Defendant Amazon is not within the control of Plaintiff Bovino.  It is Defendant Amazon's decision of which suppliers it chooses to carry.  It has made the deliberate decision to profit from over 100 accused infringing products.

Defendant Amazon's proposal of amending the complaint to include just its three top-selling manufacturers and products, *Response* at 2 and 3, is tantamount to depriving Plaintiff

4

Bovino of legitimate claims that he may properly assert against Defendant Amazon. No reason has been offered as to why Plaintiff Bovino is not entitled to all of the claims he may properly assert.

Moreover, having several related litigations between the same parties would be contrary to the policy of the Federal Rules of Civil Procedure. "There is manifest throughout the Federal Rules of Civil Procedure a prevailing policy that an entire controversy shall be dealt with in a single action, thus reducing to a minimum the hazard of double recoveries and a circuity and multiplicity of actions. *See, U.S. v. Aetna Life Ins. Co.,* 46 F. Supp 30, 34 (D. Conn. 1942)(superseded by statute on other grounds as stated in *U.S. v. Nat'l Bank Commerce,* 776 F.2d 1292 (8th Cir. 1984)).

## B. Defendant Amazon Does Not Identify A Single Recognized Basis for Justifying Denial of a Motion to Amend

Defendant Amazon does not identify a single recognized basis for justifying denial of a Motion to Amend. Defendant Amazon does not contend that there was undue delay by Plaintiff Bovino in seeking the amendment, nor that the amendment is sought in bad faith or for a dilatory motive, nor that there was a failure to cure deficiencies by amendments previously allowed, or that the amendment would be futile. To the extent that Defendant Amazon contends that it would suffer prejudice if the proposed amendment were permitted, the prejudice that it identifies is non-existent as described above. To the contrary, both parties and the Court would suffer prejudice if the Motion to Amend were not granted.

Courts typically only find "undue prejudice" when the amendment unfairly affects the non-movants in terms of preparing their defense to the amendment. *See, Rehberg v. City of*

5

*Pueblo*, 2011 U.S. Dist. LEXIS 104205, *14-15 (D. Colo. 2011). The Court in *Rehberg* found that whereas allowing the amendment will certainly result in some practical prejudice to Defendants, "practical prejudice" does not suffice to deny a motion to amend. *Id*. at *16.

Courts have found, albeit in the context of argument that money has already been spent in pretrial preparation, that the expenditure of time, money, and effort alone is not grounds for a finding of prejudice. *See, Bylin*, 568 F.3d at 1230.

The case before the Court differs from *In re Urethane Antitrust Litigation,* 232 F.R.D. 681 (D. Kan. 2005) cited by Defendant Amazon. The determination in that case to deny the amendment to the complaint was based on more than just a generalized reasoning that it would not be just, speedy, and inexpensive. The decision in that case was based on specific reasoning, relevant to the factors in that case, such as, that the motion to amend would violate the court's "non-encroachment" rule, the amendment would cause overlapping claims by two groups, and the class certification process would virtually have to be started from the beginning. *Id*. at 686.

**C. Defendant Amazon's Reliance on the America Invents Act is Misplaced Because Plaintiff Bovino Does Not Seek to Join Additional Parties to This Action.**

Defendant Amazon urges this Court to analyze Plaintiff Bovino's Motion to Amend pursuant to case law interpreting the America Invents Act, namely 35 U.S.C. 299, and to deny the Motion to Amend on the basis that it violates the spirit of this rule. Defendant Amazon's reliance on the America Invents Act is misplaced because Plaintiff Bovino does not seek to join additional parties or defendants to this action. Plaintiff Bovino seeks only to add additional accused infringing ***products*** that a single defendant – Defendant Amazon – is selling and willfully and/or contributorily infringing.

6

As Defendant Amazon itself concedes, Plaintiff Bovino's Motion to Amend does not violate the America Invents Act, namely 35 U.S.C. 299.  Moreover, the Motion to Amend does not even implicate 35 U.S.C. 299, which is a statute that mandates the elements necessary for joinder of *parties* to a lawsuit.  35 U.S.C. 299 reads, in relevant part:

> (a) JOINDER OF ACCUSED INFRINGERS.  With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e) [35 U.S.C. 271(e)] has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if . . ..

**D.  Plaintiff Bovino Does Not Violate The Spirit of the America Invents Act**

Plaintiff Bovino does not violate the spirit of the American Invents Act.  As an initial matter, Defendant Amazon does not offer any legislative history to support its contention that the spirit of the America Invents Act was violated.

In the case before the Court, Plaintiff Bovino moves to add additional products to its original claim that Defendant Amazon is willfully and/or contributorily infringing his '809 Patent.  The concerns and reasoning of Courts in disallowing numerous defendants to be joined in a single patent action are not present in a case where just additional products are seeking to be added against a single defendant.

The Court in *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012), analyzes the issue of joinder under Federal Rule Civil Procedure 20, which is the standard for joinder pre-dating 35 U.S.C. § 299.  Although it pre-dates 35 U.S.C. §299, it offers guidance on the purpose and concerns raised by joinder.

*In re EMC Corp., supra,* identifies that the concern in joining numerous defendants to a

7

patent infringement case is defendants not having a "meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunity to present its own defense the jury." *See, In re EMC Corp.,* 677 F.3d at 1355. The analysis with respect to joinder of parties is to "help ensure that the scope of the action remains consistent with fairness to the parties." *Id.* The Court further noted the prejudice to the defendants and potential confusion of being forced to defend claims alongside unrelated parties with different products or services and possibly different strategies. *Id.* at 1359.

Here, regardless of the number of accused infringing products, there is only one party – Amazon – that is defendant to this case. Concerns about limited opportunity to present individualized defenses for numerous defendants are not present.

To the extent that any of the manufactures of the underlying accused products seek to intervene in this Action, as suggested by Defendant Amazon (*Response to Motion to Amend*, at 6), the choice would lie with those parties to take such action and would be based on those manufacturers' analysis of any indemnification agreement they entered into with Defendant Amazon. An accused products' manufacturer could make the choice, pursuant to 35 U.S.C. § 299(c), to waive any of the joinder limitations set forth by the United States Code. 35 U.S.C. § 299(c) reads, "[a] party that is an accused infringer may waive the limitations set forth in this section with respect to the party."

## III. CONCLUSION

For the foregoing reasons, Plaintiff Bovino requests that the Court grants its Motion to Amend and permit this case to move forward on the merits of its claims against all the accused

products sold by Defendant Amazon.

WHEREFORE, for the reasons set forth above, Plaintiff Bovino respectfully requests that the Court issue an Order permitting Plaintiff Bovino to file his First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and for such further and other relief as the Court deems proper.

Dated this 12th day of February, 2014.

FISCHER LAW FIRM, P.C.

*/s/ Ronnie Fischer*
Ronnie Fischer, #35260
Fischer Law Firm, P.C.
1777 South Harrison Street
Penthouse – Suite 1500
Denver, Colorado 80210
Telephone: (303) 756-2500
Fax: (303) 756-2506
E-mail: Ronnie@FischerEsq.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 12th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Mr. Jeffrey H. Kass, Esq.
Mr. Michael P. Dulin, Esq.
Polsinelli, P.C.
1515 Wynkoop
Suite 600
Denver, Colorado 80202
jkass@polsinelli.com
mdulin@polsinelli.com

Mr. Robert Todd Cruzen, Esq.
Klarquist Sparkman, LLP-Portland
121 S.W. Salmon Street
One World Trade Center
#1600
Portland, OR 97204
rob.cruzen@klarquist.com

*Attorneys for Amazon.com, Inc.*

                             */s/ Ronnie Fischer*
                             Ronnie Fischer