IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02111-MSK-MJW

JERALD A. BOVINO,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE TO AMEND
COMPLAINT (DOCKET NO. 33)

Entered by Magistrate Judge Michael J. Watanabe

This matter was before the court on March 11, 2013 for a hearing on Plaintiff's Motion for Leave to File to Amend Complaint (docket no. 33). The court has reviewed the subject motion (docket no. 33), the response (docket no. 35), and the reply (docket no. 36). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Carr v. Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting Calderon v. Kansas Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999));

5. That Plaintiff argues that he has discovered over 100 additional accused products that infringe on his '809 patent and that such additional accused products are sold by Defendant. See copies of Group A through Group H products and Exhibit List attached to this Order. The Exhibit List is a spreadsheet that identifies the alleged infringing products by Group A through Group H. The spreadsheet also identifies each accused product by (1) manufacturer; (2) product description; (3) model number; (4) Amazon Standard Identification Number; and (5) application. Plaintiff also argues that the court would only have to conduct one Markman Hearing instead of over 100 Markman Hearings if separate cases are required to

3

be filed for each accused product. Plaintiff further argues that he is only suing one Defendant Amazon.com, Inc., and is not suing all of the manufactures as listed on Exhibit List attached to this Order. Moreover, Plaintiff argues that he is only prosecuting "Plaintiff Bovino's Claim 1 Elements" as outlined, which is attached to this Order. Lastly, Plaintiff argues that by only suing Defendant Amazon.com, Inc., that the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) is not violated;

6. That Defendant argues that allowing the amendment to the Complaint would be a violation of the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011). Defendant further argues that if this court allows the amendment to the Complaint, then summary judgment motions would be particularly burdensome for the court and the parties would very likely submit very lengthy legal briefs on the issues of infringement and invalidity in order to adequately address each of accused products. Moreover, Defendant argues that if Plaintiff survives summary judgment motions on infringement and invalidity, then separate trials for each surviving accused product would be necessary; and

7. That the arguments raised by Defendant are without merit under the facts and posture of this case. First, Plaintiff, by amending his Complaint to add approximately 100 additional accused products, does not violate the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011). Plaintiff is not seeking to add any additional defendants. The

4

length of legal briefs on motions for summary judgment are governed by Chief Judge Kreiger's practice standards but can be modified by court order by Chief Judge Kreiger.  Finally, any decision to hold separate trials on given accused products shall be determined by Chief Judge Krieger.

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That Plaintiff's Motion for Leave to File to Amend Complaint (docket no. 33) is GRANTED.  The Amended Complaint and Jury Demand (docket no. 33-2), along with the attached exhibits 1 and 2, are accepted for filing and is the operative Complaint; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 12th day of March 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE