IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 13-cv-02111-MSK-MJW

JERALD A. BOVINO,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

---

**REPORT & RECOMMENDATION ON PLAINTIFF BOVINO'S MOTION
TO ENFORCE SETTLEMENT AGREEMENT (Docket No. 84)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Just before 9:00 a.m. on June 3, 2015, Chief Judge Marcia S. Krieger granted Defendant's motion for summary judgment.  (Docket No. 75.)  Three and a half hours later, Plaintiff attempted to accept the most recent settlement offer from Defendant.  (Docket No. 84-2.)  That settlement agreement, if valid, would preclude Defendant from seeking fees and costs in this case.  (Docket No. 84-1.)  Defendant has since sought fees and costs (Docket Nos. 77 & 78), and Plaintiff therefore moves to enforce the settlement agreement precluding those efforts.  (Docket Nos. 84.)

Chief Judge Krieger referred the motion to the undersigned.  (Docket No. 88.) The subject matter is outside a magistrate judge's scope of authority under 28 U.S.C. § 636(b)(1), and therefore the undersigned issues a report and recommendation rather than an order.  See *Estate of Conners v. O'Connor*, 6 F.3d 656 (9th Cir. 1993) (post-

trial awards of fees and costs are neither pretrial nor non-dispositive for purposes of § 636(b)(1)).

The Court has reviewed the parties' filings (Docket Nos. 84, 94, & 95), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court recommends that Plaintiff's motion be denied.

### **Findings of Fact**

The Court finds:

1. On Tuesday, May 26, 2015, Plaintiff made an offer of settlement in this case.  The offer included an explicit deadline of 5:00 p.m., on June 1, 2015.  (Docket No. 84-1.)

2. At 8:21 a.m. on Friday, May 29, 2015, Defendant made a counter-offer. The offer included an agreement that "Amazon will not seek attorneys' fees for this matter," and further stated "Each party to bear their own fees and costs."  (Docket No. 84-1.)

3. Defendant's May 29th counter-offer further stated:

> If Bovino is not going to settle under these terms, we will be filing in the week a motion to strike your expert and we also need to fly to Toledo to take Bovino's patent counsel's deposition in the week or two.  We will also need your response on the iPad covers as well as the direct infringement issue.  So please advise within the next couple days.

(Docket No. 84-1.)

3

4.	At 8:56 a.m. the following Wednesday, June 3, 2015, Chief Judge Krieger's order granting summary judgment was docketed. (Docket No. 75.) The Clerk of Court entered judgment 12 minutes later. (Docket No. 76.)

5.	At 10:22 a.m. that same day, Defendant's attorney e-mailed Plaintiff's attorney, stating:

> Please advise when you have a moment to discuss before we file any bill of costs or request for attorneys' fees. There may be a way to avoid all of that.

(Docket No. 84-3.)

6.	At 12:27 p.m. that same day, Plaintiff's attorney replied:

> We accepted the walk away offer of last week. I am in office. 303 651 2177. We will agree not to Appeal.

(Docket No. 84-2.) Plaintiff's attorney used the past tense "accepted" inadvertently, intending this communication to be the formal acceptance of Defendant's settlement offer. (Docket No. 84-4.)

7.	At 1:24 p.m. that same day, Defendant's attorney replied:

> You did not accept the walk away offer. I got no communication on that from [] you, and now that there is a ruling from the court that has significantly changed things. Having said that, there may be a way to do that but we need a couple days to evaluate because there is a bill of costs and fee issue.

(Docket No. 84-5.)

## **Discussion**

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496–97 (10th Cir. 1993). "Issues involving the formation, construction

4

and enforceability of a settlement agreement are resolved by applying state contract law." *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

In Colorado, "[a] contract is formed when one party makes an offer and the other accepts it, and the agreement is supported by consideration." *Sumerel v. Goodyear Tire & Rubber Co.*, 232 P.3d 128, 133 (Colo. App. 2009). Here, there is no dispute that there was an offer, a purported acceptance, and consideration. The questions are (1) whether the offer was revoked before it was accepted, and (2) whether the acceptance was otherwise timely.

**I.     Was the offer revoked?**

"An offeree's power of acceptance is terminated when the offeree receives from the offeror a manifestation of an intention not to enter into the proposed contract." RESTATEMENT (SECOND) OF CONTRACTS § 42 (1981). "The word 'revoke' is not essential to a revocation. Any clear manifestation of unwillingness to enter into the proposed bargain is sufficient." *Id.* cmt. d. *See also Legro v. Robinson*, 328 P.3d 238, 247 (Colo. App. 2012) (applying RESTATEMENT (SECOND) OF CONTRACTS § 42)). The *Restatement* provides the following illustrations:

> 4. A makes an offer to buy goods from B, and later requests B not to deliver the goods until A is in a better condition to handle them. The request does not revoke the offer.
>
> 5. A makes an offer to B, and later says to B, "Well, I don't know if we are ready. We have not decided, we might not want to go through with it." The offer is revoked.

RESTATEMENT (SECOND) OF CONTRACTS § 42 illus. 4 & 5.

5

Applying these rules, the Court finds that Defendant's 10:22 a.m. email (Docket No. 84-3) did not effect a revocation. Defendant's statement seems to assume that the offer was no longer extant, but it neither explicitly mentions the offer nor indicates any "unwillingness to enter into the proposed bargain." Rather, it is equivocal enough to suggest that the proposed bargain may yet be entered into—and thus, like illustration 4 from the *Restatement*, the language does not revoke the offer.

**II.     Was the acceptance timely?**

"An offeree's power of acceptance is terminated at the time specified in the offer, or, if no time is specified, at the end of a reasonable time." RESTATEMENT (SECOND) OF CONTRACTS § 41; *see also Scoular Co. v. Denney*, 151 P.3d 615, 618-19 (Colo. App. 2006) ("Unless otherwise specified by its terms, an offer may be accepted within a reasonable time unless the offer has been revoked by the offeror or rejected by the offeree."). "What is a reasonable time is a question of fact, depending on all the circumstances existing when the offer and attempted acceptance are made." RESTATEMENT (SECOND) OF CONTRACTS § 41; *see also Scoular Co.*, 151 P.3d at 620 (reasonableness issues in contract formation "are ordinarily questions of fact for a factfinder to resolve").

Here, the Court holds that the acceptance was untimely, for two alternative reasons. First, the Court finds that the offer included an express deadline. Second, even if the offer did not include a deadline, the acceptance did not come within a reasonable time.

6

*Express Deadline*.  The offer warned of various pending litigation deadlines that would need to be addressed "[i]f Bovino is not going to settle under these terms," and then explicitly stated: "So please advise within the next couple days."  (Docket No. 84-1.)  The commonly understood definition of "couple" is two.  *See, e.g.*, *Couple Definition*, DICTIONARY.COM, http://tinyurl.com/yb8k45z (last visited Aug. 11, 2015) (defining "couple" first as "two of the same sort considered together; pair").  As a result, the offer explicitly requested a response within two days.  The offer was made on a Friday morning, raising an ambiguity as to whether it required a response within two calendar days or two business days—but that ambiguity is immaterial, because the purported acceptance came three business days (five calendar days) later and was thus untimely either way.  Under the most generous construction of the deadline, it expired at the close of business on Tuesday, June 2nd.

*Reasonable Time*.  Even if the offer had not included an express deadline, the Court finds as a question of fact that the purported acceptance was unreasonably late under the circumstances.  All discovery deadlines, including all expert-witness deadlines, in the Amended Scheduling Order had passed.  (*See* Docket No. 48.)  Plaintiff's own offer had a deadline of Monday, June 1st, suggesting that time was of the essence.  (Docket No. 84-1, p.3.)  Defendant's counter-offer itemized a number of pending litigation deadlines that would need to be addressed in the following week.  (Docket No. 84-1, p.2.)  The "reasonable time" for an offeree to accept an offer is to be measured from the offeror's perspective, *Cent. Inv. Corp. of Denver v. Container Adver. Co.*, 471 P.2d 647, 648 (Colo. App. 1970), and from Defendant's perspective under

these circumstances, waiting until halfway through the following week was unreasonable.

## **Recommendation**

For the foregoing reasons, the Court recommends that Plaintiff Bovino's Motion to Enforce Settlement Agreement (Docket No. 84) be DENIED.

Dated: September 15, 2015  */s/ Michael J. Watanabe*
        Denver, Colorado  Michael J. Watanabe
        United States Magistrate Judge