**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-02111-MSK-MJW

JERALD A. BOVINO,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR ATTORNEY FEES AND DENYING MOTION TO ENFORCE SETTLEMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's ("Amazon") Motion for Attorney Fees **(# 77)**, Mr. Bovino's response **(# 82)**, and Amazon's reply **(# 86)**[1]; and Mr. Bovnio's Objections **(# 97)** to the Magistrate Judge's Recommendation **(# 96)** that Mr. Bovino's Motion to Enforce Settlement Agreement **(# 84)** be denied, and Amazon's response **(# 98)**.

The Court assumes the reader's familiarity with the proceedings to date. Greatly summarized, Mr. Bovino alleged that Amazon was infringing upon his patent, which describes a computer with an integrated case possessing "resilient ribs." The Court ultimately granted **(# 75)** summary judgment to Amazon, finding that their accused products did not infringe on any of the claims in Mr. Bovino's patent.

---

[1] Mr. Bovino moved **(# 87)** for leave to file a surreply. Because the contents of the tendered surreply do not meaningfully alter the analysis herein, the Court denies that motion as moot.

Amazon filed the instant motion **(# 77)** seeking an award of attorney fees against Mr. Bovino, arguing that this is an "exceptional" case for which a fee award to a prevailing defendant is appropriate under 35 U.S.C. § 285.

Separately, Mr. Bovino moved **(# 84)** to enforce the terms of a settlement offer from Amazon that he purported to accept. Amazon had tendered the offer via e-mail to Mr. Bovino on Friday, May 29, 2015, offering a settlement by which Mr. Bovino would dismiss his infringement claims and Amazon would disclaim any further attempts to invalidate Mr. Bovino's patent and would waive any right to seek attorney fees against Mr. Bovino. Amazon requested that Mr. Bovino "advise [Amazon of his decision] within the next couple of days." A few days later, on Wednesday, June 3, 2015, this Court issued its summary judgment ruling in favor of Amazon. That ruling was docketed and electronically sent to the parties at 8:57 a.m. A few hours later, at 10:23 a.m. on the same day, Amazon e-mailed Mr. Bovino's counsel, inviting a discussion about attorney fees and costs (apparently in light of the Court's summary judgment ruling), and stating "there may be a way to avoid all of that." At 12:27 p.m. the same day, Mr. Bovino's counsel e-mailed Amazon, stating "we accepted the walk away offer of last week." (Mr. Bovino explains that the verb tense in the e-mail is confusing, and that the purpose of the 12:27 p.m. e-mail was to actually accept the settlement offer that, Mr. Bovino believed, remained open.) Thus, Mr. Bovino requested that the Court deem Amazon's offer to have been accepted, to vacate the award of costs in favor of Amazon, and to deny Amazon's motion for attorney fees as moot.

The Court referred Mr. Bovino's motion to the Magistrate Judge for a Recommendation. The Magistrate Judge recommended **(# 96)** that the motion be denied, insofar as Mr. Bovino's purported acceptance of the offer on June 3 (five calendar or three business days after the offer

was made) was untimely, given the offer's stated term of being open "for a couple of days." Mr. Bovino filed timely Objections **(# 97)** to that Recommendation, arguing that the common meaning of the term "couple" could include the 3-business day period in which Mr. Bovino tendered his acceptance of the offer.

### A. Attorney fees

35 U.S.C. § 285 provides that in "exceptional cases" involving claims of patent infringement, the Court can award attorney fees to the prevailing party – here, Amazon. An "exceptional" case is one in which "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). The matter is one confined to the sound discretion of this Court, to be determined on a case-by-case basis, considering factors such as "frivolousness, motivation, objective unreasonableness, . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at n. 6.

Amazon argues that the exceptional nature of this case is demonstrated by various facts: (i) Mr. Bovino asserting a "crazy infringement theory" based on a strained reading of claim limitations involving "ribs" positioned on the "exterior surface" of a computer case; (ii) in addition to an allegedly colorable claim for indirect infringement, Mr. Bovino also asserted an untenable claim for direct infringement and demanded $ 20,000 from Amazon when Amazon asked him to withdraw the direct infringement claims; (iii) Mr. Bovino took shifting positions on issues of claim construction during the litigation; and (iv) Mr. Bovino is a "non-practicing entity" (what is sometimes referred to more colloquially as a "patent troll"), seeking merely to extract nuisance-value settlements.

Although the Court agrees with Amazon that several aspects of Mr. Bovino's approach to this litigation were unusual, the Court cannot say that, taken as a whole, the action rises to the category of "exceptional" such that fees should be awarded against Mr. Bovino. The Court notes that Mr. Bovino's Complaint pleads direct infringement and contributory infringement together in a single sentence ("Amazon has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of [the patent]").[2] This type of mushy, inexact statement is not "well-pled", and arguably has no place in the federal system. Fed. R. Civ. P. 12(b)(6) offered Amazon a ready tool to clarify the theory of infringement, but Amazon never sought dismissal of an alleged direct infringement claim. Thus, although Amazon may have "spent the last 22 months defending against" a frivolous <u>direct</u> infringement claim, it did so by choice and it spent that same 22-month period defending against a colorable <u>indirect</u> infringement claim.

The Court also agrees with Amazon that Mr. Bovino was overly-aggressive in identifying accused products. As the Court's summary judgment order notes, some of the example cases that Mr. Bovino challenges are so obviously distinctive from the invention claimed in the patent that only magical thinking could explain their identification as accused products. However, other accused products contained the type of "ribs" that are central to Mr. Bovino's patent. Thus, there is some degree of overreach, through coupling many dubious contentions of infringement to a relative handful that were arguable.

---

[2] A direct infringement claim in this action would be frivolous, as it is undisputed that Amazon never sought to physically integrate a computer into the cases it sold, as the patent requires. But, as the Court's summary judgment ruling notes, a claim that Amazon's sale of the cases themselves could, in appropriate circumstances, constitute contributory infringement. Notably, Amazon's fee motion does not attempt to argue that Mr. Bovino's contributory infringement claim was frivolous.

Over inclusion of information, evidence and argument can overwhelm the litigation, and certainly the recent modifications of Fed. R.Civ. P. 1 impose a burden on counsel and the parties to avoid excess, but there is no indication that Amazon suffered from Mr. Bovino's excess. Aside from a single example in which Amazon briefly questioned Mr. Bovino about an accused product that had only a textured surface, not any colorable examples of ribs, Amazon does not point to extensive time and effort devoted to litigating the more dubious examples of Mr. Bovino's accused products. Many lawsuits involve claims or assertions on the far periphery of reasonableness, and this action is no different. But on this limited record, the Court cannot conclude that Mr. Bovino's overbroad claims meaningfully magnified an otherwise colorable claim of indirect patent infringement, so as to transform an ordinary case into an exceptional one for which fee shifting is appropriate.

Finally, the Court simply disagrees with Amazon that Mr. Bovino's construction of key terms, particularly the term "ribs," was so unreasonable as to put this action in the "exceptional" category. To be sure, Mr. Bovino's construction of the term "ribs" was unpersuasive, entitling Amazon to summary judgment in its favor. But the Court cannot say that Mr. Bovino's positions were so unreasonable as to be frivolous or otherwise warrant a shifting of fees. The difference between narrow "ribs" and wider "strips" is arguably one of degree, and the identification of a particular feature as a "rib" or a "groove" is, as the Court noted, one that can shift depending on one's frame of reference.

To be sure, Mr. Bovino's claims in this case were sloppily-drafted, overzealously-pursued, and ultimately unpersuasive. But the Court cannot say that they were so frivolous, objectively unreasonable, or otherwise "exceptional" as to warrant an award of fees in Amazon's favor. This case demonstrates the need for the recent amendments to Rule 1. But, the Court

finds, in its discretion, that this case does not fall within the category of "exceptional" under 35 U.S.C. § 285, and thus denies Amazon's motion for attorney fees.

### B. Motion to enforce settlement agreement

The Court will not belabor the analysis of this issue.[3] Mr. Bovino purports to have accepted a settlement offer made by Amazon. Notably, the purported acceptance occurred only after this Court had granted summary judgment to Amazon on all of Mr. Bovino's claims (and directed entry of judgment by the Clerk to that effect) and after Amazon had indicated some intention of seeking costs and fees as a result.

Although the Court agrees with Mr. Bovino that the offer's stated duration of "a couple of days" could arguably extend to the three business days that lapsed before Mr. Bovino announced his acceptance of the offer, the Court agrees with the Magistrate Judge that Amazon's offer lapsed before Mr. Bovino's purported acceptance, albeit for a different reason. The terms of Amazon's offer, which, among other things, called for Mr. Bovino to voluntarily withdraw his claims and agree to bear his own costs, could only be performed by Mr. Bovino prior to the Court ruling on the pending summary judgment motion. Once the Court directed that judgment (with costs) enter in Amazon's favor on Mr. Bovino's claims, Mr. Bovino could no longer voluntarily dismiss his claims, and thus, could not perform his obligations under the contract that Amazon had offered. Amazon's offer, therefore, must be understood to contain an implicit deadline for its acceptance, such that Mr. Bovino's acceptance (and arguably, his performance) had to occur before the Court granted Amazon's then-pending motion for summary judgment. It is undisputed that Mr. Bovino failed to accept the offer prior to this deadline, and thus, the offer expired by its own implicit terms.

---

[3] The Magistrate Judge aptly summarized the controlling law governing the concepts of offer and acceptance, and the Court adopts that summary here.

This outcome is confirmed by Amazon's 10:23 a.m. e-mail to Mr. Bovino's counsel, referencing Amazon's entitlement to costs (and arguably attorney fees), but suggesting that "there maybe a way to avoid that." The Court reads this communication as an indication of Amazon's understanding that the prior offer (voluntary dismissal by Mr. Bovino with both sides to bear their own costs and fees) was no longer viable, as well as an invitation to Mr. Bovino to begin negotiations for a new offer, one which would allow the parties to "avoid" Amazon seeking its litigation costs, as it was now entitled to do. Such a communication would not have been necessary if the parties reasonably believed that Amazon's original offer – which required the parties to bear their own costs and fees – remained open.

Accordingly, the Court adopts the Magistrate Judge's Recommendation and denies Mr. Bovino's motion.

For the foregoing reasons, Amazon's Motion for Attorney Fees **(# 77)** is **DENIED**. The Court **OVERRULES** Mr. Bovino's Objections **(# 97)**, **ADOPTS** the Magistrate Judge's Recommendation **(# 96)**, and **DENIES** Mr. Bovino's Motion to Enforce **(# 84)**. Mr. Bovino's Motion for Leave to File a Surreply **(# 87)** is **DENIED AS MOOT**.

Dated this 14th day of March, 2016.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge